# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LISA LYNN JACOBSON,<br><br>        Plaintiff,<br><br>v.<br><br>NOAH PINES and ROSS AND PINES LLC,<br><br>        Defendants. | Case No. 23-CV-83-JPS<br><br>**ORDER** |

1. **PROCEDURAL BACKGROUND**

On January 20, 2023, pro se Plaintiff Lisa Jacobson ("Plaintiff") filed a complaint against Defendants Noah Pines and Ross Pines LLC ("Defendants") seeking repayment for "unpaid time, materials, expenses and improper use of intellectual property/product fees" based on an alleged "verbal contract." ECF No. 1. That same day, Plaintiff filed a motion to proceed in forma pauperis. ECF No. 2. That motion, and Plaintiff's pro se complaint, are now before the Court. For the reasons discussed herein, the Court will deny the motion and dismiss the action without prejudice.[1]

2. **MOTION TO PROCEED IN FORMA PAUPERIS**

On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion,

---

[1] The Court will additionally deny Plaintiff's request to seal her case (contained within her complaint) as lacking in both a factual and legal basis. ECF No. 1 at 3.

would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In her motion, Plaintiff avers that she is self-employed but unmarried. ECF No. 2 at 1, 2. She attests to having dependents that she is responsible for supporting, but she neglected to identify those alleged dependents as instructed by the form. *Id*. at 1. She similarly neglected to specify what amount of support is provided monthly to the unidentified dependents. *Id*.

Plaintiff avers that her monthly income is roughly $500. *Id*. at 2. She pays roughly $1,000/month towards her mortgage and roughly $550/month on credit card payments and other household expenses. *Id*. She owns a 2008 vehicle worth roughly $3,000 on which she has no monthly payment. *Id*. at 2, 3. She owns her home, and it is worth approximately $120,000. *Id*. at 3. She additionally has roughly $1,500 in savings and a 401k/IRA account worth approximately $27,000. *Id*. at 3, 4.

Plaintiff's circumstances do not rise to the level of warranting IFP status. The decision to grant IFP status remains within the sound discretion of the Court, and the Court cannot say based on the record before it that Plaintiff falls among those litigants who would remain without legal remedy if denied IFP status. In light of this denial, the Court will decline to screen Plaintiff's complaint at this time. In order to proceed in federal court, therefore, Plaintiff would be required to pay the requisite filing fee.

The Court further notes, however, that Plaintiff's complaint—along with being quite disjointed and difficult to comprehend—provides neither a basis for federal question jurisdiction nor diversity jurisdiction. Generally, federal courts have subject matter jurisdiction in two situations: (1) where the action "aris[es] under the Constitution, laws, or treaties of the United

Page 2 of 4
Case 2:23-cv-00083-JPS   Filed 01/30/23   Page 2 of 4   Document 3

States," or (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1331, 1332.

In the present case, Plaintiff's claims do not arise under federal law. Her claims are based in contract, a matter of state law. She invokes no federal law or right. Accordingly, § 1331's federal question jurisdiction does not apply. Thus, for the Court to have jurisdiction over this case, diversity jurisdiction must apply; that is, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs, and [be] between . . . citizens of different States." 28 U.S.C. § 1332. Plaintiff's action does not satisfy the requisites for diversity jurisdiction either, because she expressly asserts only "$68,000" in total damages. ECF No. 1 at 1.

Without either form of subject matter jurisdiction, Plaintiff cannot maintain this action in federal court. Therefore, even if she were to pay the requisite filing fee, her complaint would still face dismissal for lack of subject matter jurisdiction. That being the case, the Court will dismiss the action without prejudice.

### 3. CONCLUSION

For the reasons stated herein, Plaintiff can neither proceed in forma pauperis nor maintain her action in federal court in any event.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction;

**IT IS FURTHER ORDERED** that Plaintiff's request to seal her case, ECF No. 1, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court **UNSEAL** this action.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge